The EQUITABLE LIFE ASSURANCE
SOCIETY OF the UNITED STATES,
et al., Plaintiff,

v.

Alma R. McMORRIS,
Defendant-Respondent,

and

James W. McMorris,
Defendant-Appellant.

No. 48102.

Missouri Court of Appeals,
Eastern District,
Division Seven.

Sept. 3, 1985.

---

Theodore C. Traeger, Clayton, for defendant-appellant.

Steven Walter Garrett, Donald J. Weyerich, Clayton, for defendant-respondent.

DONALD E. DALTON, Special Judge.

This case concerns a change of beneficiary on a group life insurance policy. The trial court found in favor of the insured's wife, respondent herein, maintaining there was a change of beneficiary. The original beneficiary, insured's brother, appealed. We affirm.

The only record of beneficiary designation is an enrollment card signed by the insured, Robert E. McMorris, on February 26, 1955. The portion of the card pertaining to beneficiary designation can best be illustrated as follows:

| Last Name of Beneficiary | First Name of Beneficiary | Middle Initial | Relationship to Employee |
|---|---|---|---|
| Re: 7–17–59 McMorris | Alma ~~James~~ | R. ~~W.~~ | Wife ~~Brother~~ |

Robert E. McMorris died June 19, 1980. He was survived by his wife, Alma R. McMorris and his brother, James W. McMorris. Both make claim to the insurance proceeds which have been paid in to court in this interpleader action. The cause was submitted upon an agreed statement of facts.

The beneficiary portion of the policy states:

> BENEFICIARY. The beneficiary shall be the person or persons designated on the insurance records described in the provision hereof entitled RECORDS AND REPORTS, in accordance with the covered participant's election. Any covered participant may from time to time while insured hereunder change the beneficiary by a written request signed by the covered participant, but such change shall take effect only upon its entry on such records.

If there is no designated beneficiary living the proceeds go to the first surviving class of the following designated classes: "(a) widow or widower; (b) surviving children; (c) surviving parents; (d) surviving brothers and sisters; (e) executors or administrators."

The original enrollment card was destroyed after it was microfilmed. The microfilm copy of the enrollment card was on file in the office of Central States, Southeast and Southwest Areas Health and Welfare Fund in Chicago, Illinois. No separate written change of beneficiary request or card has been found or produced.

The parties stipulated that in 1955 and in 1959 the method by which an insured could effectuate a beneficiary change on his life insurance was to fill out, sign and date a new beneficiary card at the local Teamsters Union Office. However, there were no written procedures to that effect at that time.

The parties agree that the Enrollment Card is the only record or document which indicates the beneficiary and both Equitable and Central States relied on it as having designated the beneficiary. Addi-

tionally, counsel for appellant has in his oral argument conceded that the Enrollment Card in question is an official record of the company. Appellant acknowledges that the change on the Enrollment Card was made by the company and was "a bare ministerial act." No policy provision has been shown requiring any specific change of beneficiary writing or card to be kept in any particular place or manner.

The policy indicates that a change of beneficiary occurs when the change is made on the records and not when the written request for a change is made. The policy requires two separate and distinct acts, "written request" for change and the entry on the record. The manner of the "entry on such records" is not set forth. Here an entry of a change appears in the form of lining out one name and inserting another and stating the date of the change. This manner of making the entry on the record does not appear to contravene to any policy provision.

As this was a court-tried case based on stipulated facts, we review to determine if the trial court made the proper legal conclusion from the facts stipulated. *Schroeder v. Horack*, 592 S.W.2d 742, 744 (Mo. banc 1979).

What effect should be given to the beneficiary designation as it stands in this case? We hold that the change of beneficiary is valid.

To disregard the change of beneficiary would be to presume some improper tampering with the record and there is no evidence of that here. "The law recognizes that records made and relied upon in the course of business may be regarded as trustworthy...." *Rossomanno v. Laclede Cab Co.*, 328 S.W.2d 677, 682 (Mo. banc 1959).

At most appellant points to the absence of any written request for a change of beneficiary. In this regard it is noted that almost 21 years had elapsed since the date of the change of beneficiary as noted on the Enrollment Card. For that period of time the change of beneficiary remained on the record, unmodified and unchallenged.

The absence of a written request does not defeat that change under the circumstances here. The insurance company appears in a neutral, impartial posture in this case. Proper conduct on its part should be presumed. *Fraus est odiosa et non praesumenda*, "Fraud is odious, and not to be presumed." *See Maupin v. Provident Life & Accident Ins. Co.*, 75 S.W.2d 593, 596 (Mo.App.1934).

Accordingly, the decision of the trial court is affirmed.

KAROHL, P.J., and WILLIAM F. MAUER, Special Judge, concur.